**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JENNIFER BRUNTON,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : **Case No. 2:26-cv-277** |
| **v.** | : **Judge Michael H. Watson** |
| | : **Magistrate Judge S. Courter M. Shimeall** |
| | : |
| **MORROW COUNTY,** *et al.*, | : |
| | : |
| **Defendants.** | : |

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Jennifer Brunton, an Ohio resident proceeding without the assistance of counsel, filed this action on March 10, 2026, against Morrow County, Ohio, Morrow County Sheriff's Office, Brandon Newsome, Brian J. Newsome, Morrow County Victim Services, the Morrow County Child Support Agency, and William A. Clark, asserting federal constitutional violations. (Compl., ECF No. 1-1.)  Plaintiff has also submitted a request to proceed *in forma pauperis* and an amended request to proceed *in forma pauperis*.  (ECF Nos. 1, 6.)  Also pending before the Court is Plaintiff's "Emergency Motion to Stay State Proceedings, Motion For Temporary Restraining Order, Motion For Preliminary Injunction, Motion For Immediate Removal Of GPS/Ankle Monitor, and Motion for Reinstatement Of Driver's License."  (ECF No. 8.)

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF Nos. 1, 6), and **RECOMMENDS** that this case be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim.  It is further **RECOMMENDED** that Plaintiff's pending Emergency Motion (ECF No. 8.) be **DENIED AS MOOT**.

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1)

The Court ordered Plaintiff to submit a revised motion to proceed *in forma pauperis* because her initial motion (ECF No. 1) did not contain enough information for the Court to determine whether Plaintiff qualifies for *in forma pauperis* status.  (ECF No. 3.)  Specifically, because Plaintiff attached a final divorce decree to her initial motion, the Court could not be sure "if Plaintiff is remarried and lists the finances for her current spouse in her Motion, or if Plaintiff is still divorced and listing financial information from her ex-husband." (*Id.* at PAGEID #: 94.) Thus, the Court directed Plaintiff to clarify her current marital status, as well as her monthly expenses and income.  (*Id.*)  Plaintiff's amended motion clarifies that she re-married and that she relies on her current spouse's disability payments for income and that she pays $635 in monthly expenses.  (ECF Nos. 6, 6-1.)  Accordingly, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

## II.     INITIAL SCREEN

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Having performed the initial screen, and for the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief can be granted.

**A.  BACKGROUND**

Plaintiff files this lawsuit against various officials and agencies associated with Morrow County, Ohio, generally alleging that Defendants unlawfully detained her.  (ECF No. 1-1.)  She further alleges that state court divorce proceedings occurred without her presence or a meaningful opportunity to participate.  Plaintiff asserts violations of the Fourth and Fourteenth Amendments, *Monell* liability, and civil conspiracy.  She seeks injunctive relief preventing continued violations of her constitutional rights, and compensatory and punitive damages.

Prior to filing this action, in July 2025, Plaintiff sued several defendants in this Court, including the Morrow County Sheriff's Office, Brandon Newsome, Brian J. Newsome, Morrow County Victim Services, and William A. Clark.  *See Brunton v. Morrow Cnty. Courthouse, Ohio, et al.*, No. 2:25-cv-0769 (S.D. Ohio filed July 10, 2025) (the "769 Case").  In that action, Plaintiff also asserted federal constitutional violations and civil conspiracy, among other claims.  *Id.*  Her Amended Complaint in the 769 Case alleged in relevant part:

> 2. William A Clark: Parental kidnapping, false allegations, fraud to gain access to property, business, and children. Caused financial and emotional harm.
>
> 3. Morrow County Victim Services: Allowed false restraining orders, ignored Plaintiff's defense, violated due process.
>
> …
>
> 4. Morrow County Sheriff's Office / Deputies: Harassment after federal lawsuit; forged signature on protection order (2022); involuntary mental health detention; ignored theft and missing firearms and William A Clark's Felony Conviction.

(769 Case, ECF No. 9, PAGEID #: 124.)

Following an initial screen of Plaintiff's Complaint in the 769 Case, the Magistrate Judge recommended dismissal of that action pursuant to § 1915(e) for failure to state a claim.  (769 Case,

ECF No. 11.)   The Court then overruled Plaintiff's objections to the Magistrate Judge's recommendation and dismissed the 769 Case.  (769 Case, ECF No. 13.)

### B.  LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).  Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient  *Id.* (cleaned up).  Instead, to state a claim upon which relief may be granted, "a complaint must contain

4

sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594. Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two." *Hartzell v. Miami Cnty. Incarceration Facility*, No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

### C. ANALYSIS

Plaintiff brings five counts:

- Claim I - Unlawful Detention
- Claim II - Denial Of Procedural Due Process
- Claim III - Failure To Investigate / Reliance On Allegations
- Claim IV - Municipal Liability (*Monell* Liability)
- Claim V - Civil Conspiracy

(ECF No. 1-1.) Upon review, the Court finds that Plaintiff's claims warrant dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim and for otherwise being frivolous.

5

### 1. *Burrus* Abstention / *Rooker-Feldman* Doctrine

As a threshold matter, to the extent that Plaintiff's claims relate to domestic relation issues and/or challenge the outcome of state court divorce proceedings, her claims are within the exclusive jurisdiction of the State of Ohio, and thus fall outside the scope of federal jurisdiction.

Under the judicial doctrine known as the *Burrus* abstention doctrine, federal courts generally do not have jurisdiction over cases that involve "the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). This is a judicially created doctrine dating back to the late eighteen hundreds, where the Supreme Court of the United States determined that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586 (1890). Moreover, although the United States Court of Appeals for the Sixth Circuit has not squarely addressed the issue of whether the *Burrus* abstention doctrine only applies to diversity jurisdiction or also extends to federal question cases, it has continued to affirm that the doctrine applies to cases asserting federal causes of action with claims brought as "'a pretense a pretense to obtain federal review of domestic relations matters.'" *See Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *2 (6th Cir. Jan. 10, 2025) (quoting *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003)).

Here, Plaintiff appears to challenge a divorce proceeding "affecting Plaintiff's parenting time and visitation with her children," which "also resulted in the loss of Plaintiffs property including her residence, vehicles, firearms, and personal belongings." (ECF No. 1-1, PAGEID # 9.) As such, her claims to this extent fall within the scope of the *Burrus* abstention doctrine. The fact that Plaintiff asserts federal constitutional violations does not change this determination because they are merely "pretense" to challenge domestic relations matters. Indeed, Plaintiff

asserts "loss of parenting time and visitation with her children" as one of her allegations of damages in the Complaint, and she requests injunctive relief. *See, e.g.*, *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) ("[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts.").

Further, upon review of the state court docket for Plaintiff's divorce proceeding (Case No. 2022 DR00055 filed in the Morrow County Court of Common Pleas), it appears that final judgment was entered in that proceeding. While there also appears to be a motion to re-open case in that action, the docket does not reflect that the motion has been ruled upon to date. Thus, to the extent that Plaintiff is challenging the outcome of the state court proceedings related to the custody of her children and her property, or any alleged lack of due process therein, this Court likewise lacks jurisdiction under the *Rooker-Feldman* doctrine to review a case that was litigated in state court because only the Supreme Court of the United States has jurisdiction to correct and review a state court judgment. *Danforth*, 76 F. App'x at 616 (citing *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 & n. 16 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)); *see also Greenberg v. Slatery*, No. 22-5886, 2023 WL 2771640, at *2 (6th Cir. Mar. 28, 2023) (finding a plaintiff's complaint challenging a state court custody determination, in which he alleged that he was denied due process, to be barred by the *Rooker-Feldman* doctrine).

### 2. Res Judicata

Additionally, the doctrine of res judicata or claim preclusion operates to bar Plaintiff's claims in this action against Defendants Morrow County Sheriff's Office, Brandon Newsome, Brian J. Newsome, Morrow County Victim Services, and William A. Clark.

7

Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979).  Res judicata requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).  "The purpose of res judicata is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, the requisite four elements are satisfied.  This Court's dismissal of Plaintiff's prior complaint under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted operates as an adjudication on the merits for res judicata purposes.  *See Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001) ("The dismissal of [the plaintiff's] claims under § 1915(e)(2)(B) creates a res judicata bar . . . ."); *Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (giving res judicata effect to a prior suit that had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the district court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by res judicata.")).

In addition, this action involves the same parties or their privies as the prior action, and although Plaintiff raises somewhat different legal theories in the two actions, the alleged injuries and facts underlying those theories are identical such that the new legal theories should have been

8

raised in the prior action. *See Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (quoting *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (per curiam) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.")); *Nathan v. Rowan*, 651 F.2d 1223, 1228 n.8 (6th Cir. 1981) ("[T]he doctrine of res judicata necessarily applies to all matters, including new or different legal theories against the same parties . . . .").

Finally, as set forth above, this action and the previous action arise from the same core of operative facts—namely, Plaintiff's involuntary detention for psychiatric evaluation. For these reasons, the undersigned concludes that the doctrine of res judicata operates to bar Plaintiff's current claims.

Even if the Court were to construe Plaintiff's allegations to fall outside the *Burrus*, *Rooker-Feldman,* and res judicata bars, Plaintiff still fails to state any claims under 42 U.S.C. § 1983.

### 3. Claim IV – Municipal Liability (*Monell* Liability)

The Court begins with Claim IV, which is, as Plaintiff describes it in her complaint, the *Monell* claim. *Monell* claims are not properly brought against individuals, *see, e.g.*, *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012), nor can they be brought against lower level government departments or entities like the Morrow County Sheriff's Office, *see, e.g., Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *see also Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012), *report and recommendation adopted*, 2012 WL 529585 (S.D. Ohio February 17, 2012). The Court therefore construes Claim IV as against Morrow County, Ohio.

9

On that count, Plaintiff fails to state a claim for relief against Morrow County, Ohio.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."  *Wright v. City of Euclid*, 962 F.3d 852, 880 (6th Cir. 2020).

Here, Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of Morrow County.  Plaintiff generally states in conclusory terms that Morrow County "is responsible for policies governing its agencies" and that the violations alleged in Plaintiff's Complaint "resulted from failures to properly train and supervise employees."  (ECF No. 1-1, PAGEID ##: 10–11.)  But Plaintiff alleges no facts to plausibly support her allegations that any violations of her rights were caused by a County custom or policy (as opposed to the misconduct of a particular individual).  That is, Plaintiff "offers only . . . bare legal conclusions which the Court properly disregards."  *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Linden v. City of Southfield, Michigan*, 75 F.4th 597, 606 (6th Cir. 2023) (upholding the dismissal of a *Monell* claim based on a city's alleged inadequate training when the complaint "marshal[ed] no facts to support this bare conclusion").

In short, for these reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(ii), the Undersigned recommends that Claim IV be dismissed because Plaintiff fails to plausibly allege a *Monell* claim.

#### 4.   Claim V: Civil Conspiracy

Next, Plaintiff fails to allege any facts that the Undersigned could construe as a conspiracy claim.  "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citing *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).  A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."  *Hooks*, 771 F.2d at 943–44.  In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)).

Here, Plaintiff makes only conclusory allegations that Defendant Clark "acted jointly with government officials by providing allegations used to initiate governmental actions against" her and does not plausibly plead any specific facts to support those allegations.  (ECF No. 1-1, PAGEID #: 11.)  She has therefore failed to state a claim for conspiracy.  *Farhat*, 370 F.3d 580, 599.

#### 5.   Claims Against Morrow County Sheriff's Office, Morrow County Victim Services, and Morrow County Child Support Agency

Next, Plaintiff's claims brought under § 1983 against the Morrow County Sheriff's Office, Morrow County Victim Services, and Morrow County Child Support Agency (what appears to be Claims I, II, III, and V) should be dismissed because only a person acting under color of law is subject to suit or liability under 42 U.S.C. § 1983.  "A county jail or county sheriff's office is not a 'person' within the meaning of § 1983." *Carroll v. Knox Cnty. Sherriff's Off.*, No. 2:25-CV-596,

11

2025 WL 2939511, at *2 (S.D. Ohio Sept. 3, 2025), *report and recommendation adopted*, 2025 WL 2938774 (S.D. Ohio Oct. 16, 2025); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a "[p]olice [d]epartment is not an entity which may be sued"); *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (finding that a "[s]heriff's [d]epartment is not a legal entity subject to suit").  Likewise, "[a] county department or agency is not a 'person' within the meaning of § 1983 and therefore cannot be sued under that statute."  *Johnson v. Lampley*, No. 3:24-CV-1304, 2025 WL 2415797, at *3 (M.D. Tenn. Aug. 20, 2025) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007)).  And even if the Court construed the allegations against the Morrow County entities as allegations against Morrow County itself, the Complaint does not identify a custom or policy of Morrow County that led to an alleged constitutional violation.  *See Monell*, 436 U.S. at 694.  Accordingly, the Undersigned recommends that Plaintiff's claims against the Morrow County Sherriff's Office, Morrow County Victim Services, and Morrow County Child Support Agency be dismissed.

### 6.  Claims Against Brandon Newsome, Brian J. Newsome, and William A. Clark

Plaintiff's remaining claims brought under § 1983 against Defendants Brandon Newsome, Brian J. Newsome, and William A. Clark (Claims I, II, and III, alleging generally that Defendants unlawfully detained her, denied her procedural due process, and failed to conduct a reasonable investigation) should likewise be dismissed.

As to her ex-husband, Plaintiff alleges that Defendant Clark "is a private individual." (ECF No. 1-1, PAGEID #: 8.)  Plaintiff has not alleged that Defendant Clark acted under color of state law, as is required to state a claim under § 1983.  Thus, she has failed to state a claim under § 1983 as to Defendant Clark.

12

As to Defendants Brandon Newsome and Brian J. Newsome, Plaintiff alleges they are "officer[s] or employee[s] of the Morrow County Sheriff's Office." (ECF No. 1-1, PAGEID #: 8.) To the extent Plaintiff advances any official-capacity claims against Defendants Brandon Newsome and Brian J. Newsome, those claims fail. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trustees*, 771 F.3d 956, 962 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). But, as discussed above, Plaintiff has not stated a claim against Morrow County, the relevant entity. Plaintiff's official-capacity claims against these Defendants must therefore be dismissed.

To the extent that Plaintiff advances any individual capacity claims against Defendants Brandon Newsome and Brian J. Newsome, those too must fail. To state a claim against a defendant in his or her individual capacity, a plaintiff must allege personal involvement by the defendant in causing her injury. *Hardin v. Straub*, 954 F.2d 1193, 1196–98 (6th Cir. 1992). A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "A plaintiff, even one proceeding pro se, must plead sufficient facts to show how each defendant allegedly violated plaintiff's rights." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *18 (S.D. Ohio Mar. 17, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sep. 18, 2023).

13

Here, Plaintiff alleges that "Officers Brandon Newsome and Brian J. Newsome failed to investigate Plaintiff's report" and that, "[i]nstead, officers relied upon statements made by William A. Clark." (ECF No. 1-1, PAGEID #: 9.)  Further, under the heading for her unlawful detention claim, Plaintiff alleges that "Brandon Newsome and Brian J. Newsome acted under color of state law" and that "Plaintiff was detained and transported for psychiatric evaluation without probable cause." (ECF No. 1-1, PAGEID #: 10.)  These allegations do not specify how Officers Brandon Newsome and Brian J. Newsome were personally involved in unlawfully detaining her.  However, the Morrow County Sheriff report attached to her Complaint identifies Brandon Newsome as a responding officer and Brian Newsome as an approving officer for the incident of Plaintiff's involuntary admission for a psychiatric evaluation.[1]  (ECF No. 1-6, PAGEID #: 76.)

In essence, Plaintiff brings a false arrest claim against the Newsomes.  "To prevail on a false arrest or false imprisonment claim, a plaintiff must show that [s]he was arrested without probable cause." *Rice v. Jones*, No. 23-3972, 2023 WL 8369996, at *2 (6th Cir. June 23, 2023).  "And probable cause determinations, for their part, are based on the totality of the circumstances." *Bronson v. Martin*, No. 1:24-CV-77, 2025 WL 1141891, at *3 (S.D. Ohio Apr. 17, 2025) (citing *Courtright v. City of Battle Creek*, 839 F.3d 513, 521 (6th Cir. 2016)).  "As a result, plausibly alleging a lack of probable cause requires a plaintiff to plead facts about the circumstances of the interaction, so the Court can evaluate the objective facts known to the police officer at the time of the arrest or the search." *Id.* (collecting cases).  "[A] plaintiff's 'conclusory allegation that [a police officer] lacked probable cause to detain [him or her] is insufficient to state a plausible claim

---

[1] The Court may consider materials attached to the Complaint in performing an initial screening under 28 U.S.C. § 1915(e). *See Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at *2–3 (6th Cir. May 23, 2018) (reviewing documents attached to complaint in performing PLRA screening) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that a district court evaluating whether a complaint fails to state a claim may consider "any exhibits attached" to the complaint)).

for relief under the Fourth Amendment.'" *Id.* (citation omitted). That is all Plaintiff provides here—she says that "she was detained and transported for psychiatric evaluation without probable cause." (ECF No. 1-1, PAGEID #: 10.)

To the extent Plaintiff claims Officers Brandon Newsome and Brian Newsome lacked probable cause because they relied on Defendant Clark's allegations "without conducting a reasonable investigation," Plaintiff does not allege that Officers Brandon Newsome and Brian Newsome lacked good reason to believe Defendant Clark's statements. (ECF No. 1-1, PAGEID #: 10.) And "[o]nce probable cause is established, a police officer has 'no duty to investigate further or to look for additional evidence which may exculpate the accused.'" *Nerswick v. CSX Transp., Inc.*, 692 F. Supp. 2d 866, 880 (S.D. Ohio 2010) (citation omitted), *aff'd*, 441 F. App'x 320 (6th Cir. 2011).

To the extent that Plaintiff brings a procedural due process claim against Officers Brandon Newsome and Brian Newsome, this claim also fails. "To establish a procedural due process claim, a plaintiff must show that (1) [she] had a life, liberty, or property interest protected by the Due Process Clause; (2) [she] was deprived of this protected interest; and (3) the state did not afford [her] adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). Plaintiff claims that Defendants deprived her of her "protected liberty and property interests including parenting time with her children and ownership of property" without adequate notice or opportunity to be heard. (ECF No. 1-1, PAGEID #: 10.) But Plaintiff alleges no facts that suggest either Officers Brandon Newsome or Brian Newsome were involved taking her property or depriving her of parenting time with her children, nor does she allege facts indicating that adequate procedures were not provided before the deprivation of any liberty interest.

15

Finally, to the extent Plaintiff contends Officers Brandon Newsome and Brian Newsome failed to investigate her report, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Curtis v. Hardin*, No. 5:17CV-P85-TBR, 2017 WL 2682282, at *6 (W.D. Ky. June 21, 2017) ("[A] claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person."). Moreover, "[l]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998), cert. denied (1999)).

In sum, Plaintiff has failed to state any federal claims against any of the Defendants.

For all these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** in its entirety under §1915(e)(2)(B) for failure to state a claim.

### III.     EMERGENCY MOTION

In her Emergency Motion, Plaintiff alleges that various state criminal and divorce proceedings against her "escalated" after she filed her first federal action. She seeks, among other forms of injunctive relief, a stay of those state court proceedings. (ECF No. 8, PAGEID #: 115.) In accordance with the Undersigned's above recommendation that Plaintiff's Complaint be dismissed for failure to state a claim, the Undersigned further **RECOMMENDS** that Plaintiff's Emergency Motion be **DENIED as MOOT**.

To the extent that Plaintiff's Emergency Motion can be construed as a request to amend Plaintiff's Complaint to add a claim for retaliatory prosecution, the Undersigned **RECOMMENDS** that such a request be **DENIED as futile**.

16

First, to the extent that Plaintiff seeks to challenge her divorce proceedings, such a challenge is barred by the *Burrus* abstention and *Rooker-Feldman* doctrines, as discussed above.

Second, under the *Younger* abstention doctrine, federal courts cannot interfere in state court proceedings. *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)) ("*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."). Federal courts must abstain from interfering in a state court matter if: "(1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

Here, all three *Younger* factors would apply to a retaliatory prosecution claim challenging the state court criminal process. First, Plaintiff indicates that she seeks to challenge several state proceedings in Morrow County (2022 DV00049, 2025 CRB4866, 2025 CRB4848, 2025 CRB4670), Knox County (22CRB00400), and Delaware County (25CRB01003). (ECF No. 8, PAGEID #: 115.) Upon review of the state court dockets for the Morrow County Court of Common Pleas, the Morrow County Municipal Court, the Mount Vernon Municipal Court, and the Delaware Municipal Court, it appears that the majority of the proceedings Plaintiff challenges are still pending.[2] Moreover, the criminal proceedings involve important state interests; "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, *2 (6th Cir. Aug. 31, 2020). Additionally, as to the divorce proceeding, matters related to domestic relations undoubtably concern important state interests. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th

---

[2] The Court was not able to locate a case corresponding to the number "2022 DV00049" in the Morrow County Court of Common Pleas.

Cir. 1995). Finally, the Court has no indication that the state court system is unable to address Plaintiff's constitutional challenges. In short, because Plaintiff's case arises from and seeks to challenge ongoing state court proceedings, this federal action is barred under the *Younger* abstention doctrine.

Accordingly, the Undersigned concludes that the Court should abstain from considering any retaliatory prosecution claim to challenge Plaintiff's state court proceedings. Further, because Plaintiff's Emergency Motion requests only equitable relief, dismissal is proper. "As Plaintiff has requested only equitable relief, it is appropriate for the Court to dismiss the claims without prejudice to refiling." *Thompson v. Branch*, No. 1:24-CV-2, 2024 WL 579756, at *8 (S.D. Ohio Feb. 13, 2024), *report and recommendation adopted*, No. 1:24-CV-000002, 2024 WL 4278310 (S.D. Ohio Sept. 24, 2024); *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013) ("If the plaintiffs seek equitable relief, such as an injunction, then the district court may exercise its discretion and decide whether to dismiss the case").

Thus, the Undersigned finds that any request to amend Plaintiff's Complaint to add a retaliatory prosecution claim brought to challenge Plaintiff's ongoing state court proceedings should be denied as futile because such a claim would be properly dismissed under *Younger*.

## IV.     PLAINTIFF'S EXHIBITS

Upon review of the exhibits Plaintiff attached in support of her Complaint (ECF Nos. 1-3, 1-4, 1-5, and 1-6) and her Emergency Motion (ECF No. 8-1), it has come to the Court's attention that these exhibits contain the identifying information of her minor children, including their full names and birth dates. Federal Rule of Civil Procedure 5.2(a) provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's [] birth

18

date [or] the name of an individual known to be a minor," the party making the filing "may include only . . . the year of the individual's birth [and] the minor's initial." Fed. R. Civ. P. 5.2(a)(3).

To protect Plaintiff's children's privacy the Court sua sponte **DIRECTS** the Clerk to place her exhibits (ECF Nos. 1-3, 1-4, 1-5, 1-6, and 8-1) under seal. Plaintiff is **CAUTIONED** that the Court may strike future filings if they contain the identifying information of her minor children (i.e., full names, birth dates) for failure to comply with Federal Rule of Civil Procedure 5.2(a).

## V.  CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is **GRANTED**. (ECF No. 1.)  The Clerk is **DIRECTED** to place Plaintiff's exhibits (ECF Nos. 1-3, 1-4, 1-5, 1-6, and 8-1) under seal.

In addition, for the reasons above, the Undersigned further **RECOMMENDS** that this case be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim.  Moreover, because the Undersigned recommends dismissal of this case for lack of jurisdiction, it is further **RECOMMENDED** that Plaintiff's pending Emergency Motion be **DENIED AS MOOT**. (ECF No. 8.)  Finally, for the reasons stated, it is further **RECOMMENDED** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** plaintiff leave to appeal *in forma pauperis*.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

19

of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*

**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

20